AO 241
(Rev. 10/07)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: EASTERN DIST - FRESNO |
|---|---|

| Name (under which you were convicted): WILFREDO MINA | PO BOX 705 Soledad CA 93960 | Docket or Case No.: |
|---|---|---|

| Place of Confinement: CORRECTIONAL TRAINING FACILITY | Prisoner No.: BB-7907 |
|---|---|

| Petitioner (include the name under which you were convicted) WILFREDO MINA | Respondent (authorized person having custody of petitioner) v. JEFF MACOMBER, SECRETARY ET AL |
|---|---|

The Attorney General of the State of

1:23CV01417 SKO (HC)

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

SUPERIOR COURT ~ RIVERSIDE, CA

   (b) Criminal docket or case number (if you know): MCR051890

2. (a) Date of the judgment of conviction (if you know): 10-4-16

   (b) Date of sentencing: 10-7-16

3. Length of sentence: 15 YRS TO LIFE COUNT 1,2,5   8 YRS COUNT 4   25 YRS TO LIFE COUNT 3

4. In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

LEWD ACT
SEXUAL PENETRATION

6. (a) What was your plea? (Check one)

   Count 1,2,3 ☒ (1) Not guilty    ☐ (3) Nolo contendere (no contest)

   Count 4 ☒ (2) Guilty    ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

Guilty Count 4
not guilty count 1, 2, 3

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☐ No

8. Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: COURT OF APPEAL

(b) Docket or case number (if you know): unknown

(c) Result: AMENDED ABSTRACT

(d) Date of result (if you know): unknown

(e) Citation to the case (if you know): unknown

(f) Grounds raised: unknown

(g) Did you seek further review by a higher state court?   ☒ Yes   ☐ No

If yes, answer the following:

(1) Name of court: Supreme Court California

(2) Docket or case number (if you know): unknown

(3) Result: Denied / unknown

(4) Date of result (if you know): Denied / unknown

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: SUPERIOR COURT - HABEAS

(2) Docket or case number (if you know): MCR074212

(3) Date of filing (if you know): 8-12-22

(4) Nature of the proceeding: HABEAS

(5) Grounds raised: UNLAWFUL UPPER TERM IMPOSED
UNLAWFUL FINES + FEES

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? ☐ Yes ☒ No COURT NEVER ANSWERED ISSUE

(7) Result:

(8) Date of result (if you know): Attached

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: COURT OF APPEAL FRESN. MADERA Co / 5TH DIST

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding: HABEAS

    (5) Grounds raised: SAME

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☒ No

    (7) Result: ATTACHED DENIED DID NOT ANSWER ISSUE

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: SUPREME COURT CA

    (2) Docket or case number (if you know): ATTACHED

    (3) Date of filing (if you know):

    (4) Nature of the proceeding: HABEAS

    (5) Grounds raised: SAME

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☑ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:    Unlawful Upper Term imposed

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

see attached

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)     **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:     *Unknown*

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☑ Yes     ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     *Habers*

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):     *Attached*

    (3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☒ No

    (4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*Cannot appeal Habers*

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*Cannot Appeal Habers*

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13.  Please answer these additional questions about the petition you are filing:

(a).  Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☒ Yes  ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b)  Is there any ground in this petition that has not been presented in some state or federal court?  If so, ground or grounds have not been presented, and state your reasons for not presenting them:

*no*

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐ Yes  ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: EDUARDO PEREDES

(b) At arraignment and plea: " "

(c) At trial: " "

(d) At sentencing: " "

(e) On appeal: unknown

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence: 15 yrs to Life, 25 yrs to life, 8 yrs

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☑ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Denial under new authority Contrary to Law + unreasonable application of Facts

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "The trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page 4. For additional grounds, make copies of page 4 and number the additional grounds in order.)*

UNAUTHORIZED SENTENCE MAY BE CORRECTED ANYTIME
FOR DUE PROCESS

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts on which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel, you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is, *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*.

PETITIONER FOUND GUILTY AFTER JURY TRIAL, COURT IMPOSED SENTENCE
OF 15 YRS TO LIFE ON COUNTS 1, 2, 5 CONSECUTIVE 25 YRS TO LIFE COUNT 3,
8 YRS UPPER TERM COUNT 4, IMPOSED 300 DOLLAR RESTITUTION, 1170 DOLLAR
FINE PER 288c, WHICH CONSIST OF 200 BASE FINE, 340 DOLLAR STATE AND
LOCAL PENALTY ASSESSMENT FEE PER 1484, CRIMINAL SURCHARGE OF 100 DOLLARS
COURT FACILITY FEES 200 DOLLARS, OPERATIONS FEE OF 200 DOLLARS 100 DOLLAR
DNA FEE GC 40 DOLLAR FEE, EMS 150 DOLLAR, CRIMINAL ASSESSMENT FEES
OF 150 DOLLARS 1,230 FINE PER 290.3, FEE FOR MEDEXAM TBD
NEW AUTHORITY AB1869 INVALIDATES NON-PUNATIVE FINES
AND FEES AND AB177, AB199

b. Supporting documents:

Attach declarations, relevant records, transcripts, or other documents supporting your claim. (See *People v. Duvall* (1995) 9 Cal. 4th 464, 474.)

SEE ATTACHED

c. Supporting cases, rules, or other authority *(optional)*:

(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

SEE ATTACHED

1. PETITIONER HAS A CONSTITUTIONAL RIGHT TO KNOW THE
2. CHARGES HE FACES AND THE MAXIMUM PENALTY HE FACES,
3. UNDER BOTH STATE AND FEDERAL DUE PROCESS CLAUSES.
4. HE DID NOT RECEIVE ANY FAIR NOTICE OF ANY RESTITUTION
5. OR FINES AND FEES IN EITHER CRIMINAL COMPLAINT, PRE-LIM,
6. OR TRIAL, VIOLATING DUE PROCESS, PEOPLE v SAWYERS,
7. 15 Cal App 5TH 713; RAND v ROWLAND, 154 F3RD 952 (9TH CIR 98)
8. RESTITUTION MAY BE FOR VICTIM LOSSES ONLY, HUGHEY
9. v UNITED STATES (90) 495 US 411
10. IN THE INSTANT MATTER, PETITIONER RECEIVED
11. NON-PUNITIVE FINES AND FEES IMPOSED FOR NON VICTIM
12. RESTITUTION, PENALTY ASSESSMENT, COURT CONVICTION FEE,
13. SURCHARGE FEE, FACILITY FEE, OPERATIONS FEE, DNA FEE,
14. MED EXAM FEE, BASE FINE FEE AND GC FEE.
15. JUDICIAL NOTICE REQUESTED, (EC 452), WHERE THE STATE
16. ATTORNEY GENERAL HAS ALREADY CONCEEDED AND ADMITTED
17. IT IS A VIOLATION OF DUE PROCESS TO IMPOSE NON-PUNITIVE
18. FINES AND FEES, Public Court RECORD IN RE POVADORA
19. (THIRD DIST) C089496, SEPT 2019, CITING MLB v SLJ
20. (90) 519 US 102, SEE also AB 1869 EFFECTIVE 1-1-22.
21. FACTS FOR IMPOSITION OF THESE FEES ARE FOR THE JURY'S
22. DETERMINATION AND PROVEN BEYOND A REASONABLE DOUBT,
23. PEOPLE v SULMA MARYLYN GALLINO, 4 CAL 5TH 120 (2017)
24. BLAKELY v WASHINGTON 542 US 296 (04); Cunningham v
25. CALIFORNIA, 549 US 270 (07); APPRENDI v NEW JERSEY (00)
26. 530 US 466, Cunningham IS RETROACTIVE, BUTLER v CURRY, 528 F3RD 624 (08
27. 3) IMPOSITION OF RESTITUTION IMPLICATES DOUBLE JEOPARDY,
28. Southern Union Co v UNITED STATES (2012) 567 US 343

2

Although California Law requires restitution in every criminal sentencing, the current abstract does not reflect any order of restitution, where abstract of 2016 reflects several restitution, fees and fines ordered. The record is unclear if the second amended abstract should reflect all, some or none of original imposition.

Failure to correct the record and fully develope the record is reversable error, Tomapetyan v Halter (01) 242 F3d 1144

B) The superior court habeas denial did not even adress the petitioners claim that his sentence is unauthorized because of invalidated non punitive fines and fees under new authority of AB1869 and AB177 as well as the prima facie showing, established by the admission and concession by the state attorney general, that imposition of non-punitive fines and fees violated due process citing US Supreme Court precedent MLB v SLJ (96) 519 US 102.

When notice and request for ruling sent to the court, it merely responded that a habeas ruling was made.

The court denial was thus contrary to law and unreasonable determination of facts, which denied due process and violation under People v Clark (2021) 167 Cal App 5th 248 (AB1869 must be granted) (mandatory language) (error of fact / error of law), (Booking fees, administration fees, facilities fees, operations fees, People v Petty S266077 (2021) citing Clark., repealed by PC 1203(b), Gov code 29550.

Petitioner respectfully request full resentencing, video appearance PC 977, does waive any rights.

The penal code itself, defines restitution as a "separate, and additional punishment" Thus not simply an imposition within a "range" of the maximum term. People v Harvest (00) 84 Cal App 4TH 641; People v Hanson, 23 Cal 4TH 355; People v Kopp (19) 38 Cal App 5TH 47, Penal Code 654, bar multiple punishment for the same offense, Sandin v Connor (95) 575 US 472

   Failure of counsel to object is not bar for collateral relief, People v Mancebo, (02) 27 Cal 4TH 735; People v Robinson (04) 122 Cal App 4TH 275; People v Sandoval (06) 140 Cal App 4TH 111;

Conclusion

PETITIONER ESTABLISHES PRIMA FACIE showing FOR OSC AND Appointment of Counsel

Estelle v Gamble 429 US 97

Woratzeck v Stewart 118 F3RD 648 (9TH Cir 97)

Rule 4.551 ; 820

   The Superior Court Failed to even address issue of unlawful non-punitive fines and fees. Prima Facie showing under Rule 4.551 made by new authority of AB1869 effective 1-1-22, In addition, the Attorney General conceeded and admitted due process violation in judicial notice supplied in writ. The Court is presumed to know and follow the law Wood v Donald 135 S Ct 1372 (2015), must address merits of each claim Woratzeck v Stewart. 118 F3RD 648 (9TH Cir 97)

   The Court cannot ignore evidence without a reason Smolen v Chater 80 F3rd 1273, (9TH Cir 96)

3

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF MADERA

| | |
|---|---|
| WILFREDO MINA,<br><br>        Petitioner,<br><br>      vs.<br><br>KATHLEEN ALLISON, Secretary,<br><br>        Defendant. | Case No.: MCR074212<br><br>ORDER ON PETITION FOR ISSUANCE OF WRIT OF HABEAS CORPUS |

Petitioner seeks issuance of a writ of habeas corpus to correct an unauthorized sentence imposed on December 7, 2016. Petitioner contends that the determinate term of eight years following his conviction for violation of Penal Code section 288(a),[1] is illegal as it is the upper term permitted by statute. To support this argument, petitioner relies on the legislative amendment to Section 1170 which prohibits the imposition of the upper term unless "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and *the he facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or the judge in a court trial.*" (Emphasis added.) (Pen. Code §1170(b)(2).) The amendment of Section 1170 became effective on January 1, 2022.

---

[1] All statutory references herein are to the Penal Code unless specifically noted otherwise.

1      "If the amendatory statute lessening punishment becomes effective prior to the date the

2 judgment of conviction becomes final then, in our opinion, it, and not the old statute in effect

3 when the prohibited act was committed applies." (*In re Estrada* (1965) 63 Cal.2d 740, 744.)

4      Here, following the sentencing hearing referenced above, petitioner filed a notice of

5 appeal. The appellate court affirmed petitioner's conviction and sentence and a remittitur was

6 issued on February 28, 2019. "For the purpose of determining retroactive application of an

7 amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of

8 certiorari in the United States Supreme Court has elapsed. (Citation.) A petition for writ of

9 certiorari is timely if filed with the clerk of the United States Supreme Court within 90 days after

10 entry of judgment of a state court of last resort. (Citation.)" (*People v. Hargis* (2019) 33

11 Cal.App.5th 199, 205, fn. 3.) The judgment in this case became final more than two years before

12 the amendment on which petitioner relies became effective.

13      The upper term of eight years in state prison was properly imposed by the trial court

14 according to the sentencing law as it existed on the date of sentencing. Accordingly, the petition

15 for issuance of a writ of habeas corpus is denied.

16

17

18 Dated: 8-12-22                         DALE J. BLEA

                                           Judge of the Superior Court

19

20

21

22

23

24

25

26

27

28

**MADERA COUNTY SUPERIOR COURT**
**200 S. G St., Madera, CA 93637**

CASE NO:        MCR074212

CASE TITLE:      In the Matter of the Petition of Wilfredo Mina, on Habeas Corpus

### Proof of Service

I hereby certify that I am a Deputy Clerk of the Superior Court, County of Madera, for the State of California, and not a party to this action; that on the date set forth below, I served the ***ORDER ON PETITION FOR ISSUANCE OF WRIT OF HABEAS CORPUS*** on the parties named by depositing true copies thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the Superior Court mail basket for deposit in the United States Post Office at Madera, California, or by placing in a mail receptacle at the Clerk's Office addressed as follows:

WILFREDO MINA, BB-7907
CORRECTIONAL TRAINING FACILITY
PO BOX 705
SOLEDAD, CA 93960

MADERA CO. DISTRICT ATTORNEY
ATTN: HABEAS CORPUS DEPT.
(SENT VIA EMAIL)

August 16, 2022

CARLA L. RUIZ
_____
CARLA L. RUIZ, Deputy Clerk

| ATTORNEY OR PARTY WITHOUT ATTORNEY | | FOR COURT USE ONLY |
|---|---|---|
| NAME: WILFREDO MINA, CDC# BB-7907 STATE BAR NUMBER: | | |
| FIRM NAME: CORRECTIONAL TRAINING FACILITY | | |
| STREET ADDRESS: PO BOX 705 WA-206 | | |
| CITY: SOLEDAD, CA 93960 STATE: ZIP CODE: | | |
| TELEPHONE NO.: FAX NO.: | | |
| E-MAIL ADDRESS: | | |
| ATTORNEY FOR (name): SELF | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** MADERA

In re: MINA

DEFENDANT: , on habeas corpus

Date of birth: California Dept. of Corrections No. *(if applicable):*
8-24-74 BB-7907

| **NOTICE AND REQUEST FOR RULING** (Cal. Rules of Court, rule 4.551(a)(3)(B)) | CASE NUMBER: MCR057890 |
|---|---|

I, WILFREDO MINA , filed a petition for writ of habeas corpus in the above entitled case in the Superior Court of California, County of *(name):*

MADERA on *(date):* JUNE 2022

As of this date, I have not received a ruling on the petition within 60 days of filing as required by rule 4.551(a)(3)(A) of the California Rules of Court. Therefore, I request that the court rule on the petition. (Cal. Rules of Court, rule 4.551(a)(3)(B).) A copy of the original petition for writ of habeas corpus is attached to this *Notice and Request for Ruling.* THE COURT FAILED TO ISSUE RULING ON PRIMARY ISSUE GROUND # 1

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: JAN 5 2023

WILFREDO MINA
(TYPE OR PRINT NAME)

X _____
(SIGNATURE)

Form Approved for Optional Use
Judicial Council of California
HC-004 [Rev. September 1, 2018]

**NOTICE AND REQUEST FOR RULING**
(Habeas Corpus)

Cal. Rules of Court, rule 4.551(a)(3)(B)

WILFREDO MINA, CDC#BB-7907
Correctional Training Facility
PO Box 705    WA-206
Soledad, CA  93960

SUPERIOR COURT
COUNTY OF MADERA

WILFREDO MINA                    CASE NO. MCR051890
        PETITIONER               NOTICE AND REQUEST FOR
    v                            RULING
KATHLEEN ALLISON, SECRETARY,
        ET AL
        RESPONDENTS

The PETITIONER FILED Habers in June 2022 AND never received ruling on Ground one, unlawful imposition of non-punitive Fines and fees in violation of new authority invalidating non-punitive Fines and fees, as well as U.S. Supreme Court precedent of MLB v SLJ (96) 519 US 102, and Southern Union Co v United States (2012) 567 US 343.

The Court has ignored the admission and concession supplied, that the imposition of non-punitive Fines and fees violate due process, and the court cannot ignore evidence without a valid reason, Smolen v CHATER 80 F3d 1273 (9th Cir 96) Jan 2023                    Respectfully

FILED
MADERA SUPERIOR COURT

AUG 1 2 2022

ADRIENNE Y. CALIP    CLERK
CARLA L. RUIZ    DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF MADERA

WILFREDO MINA,

        Petitioner,

  vs.

KATHLEEN ALLISON, Secretary,

        Defendant.

Case No.: MCR074212

ORDER ON PETITION FOR ISSUANCE OF WRIT OF HABEAS CORPUS

Petitioner seeks issuance of a writ of habeas corpus to correct an unauthorized sentence imposed on December 7, 2016. Petitioner contends that the determinate term of eight years following his conviction for violation of Penal Code section 288(a),[1] is illegal as it is the upper term permitted by statute. To support this argument, petitioner relies on the legislative amendment to Section 1170 which prohibits the imposition of the upper term unless "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and *the he facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or the judge in a court trial.*" (Emphasis added.) (Pen. Code §1170(b)(2).) The amendment of Section 1170 became effective on January 1, 2022.

---

[1] All statutory references herein are to the Penal Code unless specifically noted otherwise.

1     "If the amendatory statute lessening punishment becomes effective prior to the date the

2 judgment of conviction becomes final then, in our opinion, it, and not the old statute in effect

3 when the prohibited act was committed applies." (*In re Estrada* (1965) 63 Cal.2d 740, 744.)

4     Here, following the sentencing hearing referenced above, petitioner filed a notice of

5 appeal. The appellate court affirmed petitioner's conviction and sentence and a remittitur was

6 issued on February 28, 2019. "For the purpose of determining retroactive application of an

7 amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of

8 certiorari in the United States Supreme Court has elapsed. (Citation.) A petition for writ of

9 certiorari is timely if filed with the clerk of the United States Supreme Court within 90 days after

10 entry of judgment of a state court of last resort. (Citation.)" (*People v. Hargis* (2019) 33

11 Cal.App.5th 199, 205, fn. 3.) The judgment in this case became final more than two years before

12 the amendment on which petitioner relies became effective.

13     The upper term of eight years in state prison was properly imposed by the trial court

14 according to the sentencing law as it existed on the date of sentencing. Accordingly, the petition

15 for issuance of a writ of habeas corpus is denied.

16

17

18 Dated: 8-12-22

                                Judge of the Superior Court

19

20

21

22

23

24

25

26

27

28

ORDER ON PETITION FOR ISSUANCE OF WRIT OF HABEAS CORPUS

**MADERA COUNTY SUPERIOR COURT**
**200 S. G St., Madera, CA 93637**

CASE NO:      MCR074212

CASE TITLE:   In the Matter of the Petition of Wilfredo Mina, on Habeas Corpus

## Proof of Service

I hereby certify that I am a Deputy Clerk of the Superior Court, County of Madera, for the State of California, and not a party to this action; that on the date set forth below, I served the ***ORDER ON PETITION FOR ISSUANCE OF WRIT OF HABEAS CORPUS*** on the parties named by depositing true copies thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the Superior Court mail basket for deposit in the United States Post Office at Madera, California, or by placing in a mail receptacle at the Clerk's Office addressed as follows:

WILFREDO MINA, BB-7907
CORRECTIONAL TRAINING FACILITY
PO BOX 705
SOLEDAD, CA 93960

MADERA CO. DISTRICT ATTORNEY
ATTN: HABEAS CORPUS DEPT.
(SENT VIA EMAIL)

August 16, 2022

CARLA L. RUIZ, Deputy Clerk



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF MADERA

## CRIMINAL DIVISION
200 SOUTH G STREET
MADERA, CA 93637
(559) 416-5550

**HON. ERNEST J. LiCALSI**
PRESIDING JUDGE

**HON. DALE J. BLEA**
ASSIT PRESIDING JUDGE

**ADRIENNE Y. CALIP**
COURT EXECUTIVE OFFICER

**AMY DOWNEY**
ASST COURT EXECUTIVE OFFICER

**Melanie Cabanyog**
DIVISION SUPERVISOR

, 2022

Dear Wilfredo,

Your Request Notice and Request for Ruling is being returned to you. Upon review of your cases only 1 Writ of Habeas Case. An Order on that case was issued on 08/12/22. A copy of that order is being provided along with the documents you mailed to us. If this is not the Petition for Writ of Habeas Corpus you are referring to please resubmit documents.

Best regards,


Josh Woodworth
Judicial Assistant 2
Madera Superior Court

The mission of the Madera Superior Court is to ensure equal and fair access for all in the judicial system and provide public service in an efficient and impartial manner.

BB 7907

# FELONY ABSTRACT OF JUDGMENT - DETERMINATE
### [NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED]

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: **Madera**                           CR-290

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: Wilfredo Mina                          DOB: **08-24-74**

AKA: Wilfredo Calles Mina

CII NO.: **A35270569**

BOOKING NO.:                                      ☐ NOT PRESENT

FELONY ABSTRACT OF JUDGMENT
☒ PRISON COMMITMENT ☐ COUNTY JAIL COMMITMENT      ☒ 2ᴺᴰ AMENDED ABSTRACT

| Case No. | |
|---|---|
| MCR051890 | -A |
| | -B |
| | -C |

**FILED**
MADERA SUPERIOR COURT
MAR 2 1 2017
BONNIE THOMAS ___ CLERK
_____ DEPUTY

DATE OF HEARING **December 7, 2016**    DEPT. NO. **Department 22**    JUDGE **Honorable Dale J Blea**

CLERK **Blanca Than**    REPORTER **Teresa Maciel**    PROBATION NO. OR PROBATION OFFICER **Melissa Perez**    ☐ IMMEDIATE SENTENCING

COUNSEL FOR PEOPLE **Deputy District Attorney Traci Wise**    COUNSEL FOR DEFENDANT **Eduardo Paredes**    ☐ APPT'D.

1. Defendant was convicted of the commission of the following felonies:
   ☐ Additional counts are listed on attachment
   ___ (number of pages attached)

| COUNT | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO/DATE/YEAR) | CONVICTED BY JURY | COURT | PLEA | TERM (L,M,U) | CONCURRENT | I/D CONSECUTIVE | CONSECUTIVE FULL TERM | INCOMPLETE SENTENCE | 654 STAY | SERIOUS FELONY | VIOLENT FELONY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | PC | 288(a) | lewd and lascivious acts | 12-13 | 10-04-16 | | | X | U | | | | | | | | 8 | 0 |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed, "S" for stayed, or "PS" for punishment struck. DO NOT LIST ENHANCEMENTS FULLY STRICKEN by the court.

| COUNT | ENHANCEMENT | TIME IMPOSED "S" OR "PS" | ENHANCEMENT | TIME IMPOSED "S" OR "PS" | ENHANCEMENT | TIME IMPOSED "S" OR "PS" | TOTAL |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed, "S" for stayed, or "PS" for punishment struck. DO NOT LIST ENHANCEMENTS FULLY STRICKEN by the court.

| ENHANCEMENT | TIME IMPOSED "S" OR "PS" | ENHANCEMENT | TIME IMPOSED "S" OR "PS" | ENHANCEMENT | TIME IMPOSED "S" OR "PS" | TOTAL |
|---|---|---|---|---|---|---|
| | | | | | | |

4. Defendant sentenced ☐ to county jail per PC1170(h)(1) or (2)
   ☐ to prison per PC1170(a), 1170.1(a) or 1170(h)(3) due to ☐ current or prior serious or violent felony ☐ PC 290 or ☐ PC 186.11 enhancement
   ☐ per PC 667(b)-(i) or PC 1170.12 (strike prior)
   ☐ per PC 1170(a)(3). Pre-confinement credits equal or exceed time imposed. ☐ Defendant ordered to report to local parole or probation office.

5. INCOMPLETE SENTENCE(S) CONSECUTIVE

| COUNTY | CASE NUMBER |
|---|---|
| | |
| | |
| | |

6. TOTAL TIME ON ATTACHED PAGES:

7. ☒ Additional indeterminate term (see CR-292).

8. TOTAL TIME:    8    0

Attachments may be used but must be referred to in this document.

Form Adopted for Mandatory Use
Judicial Council of California
CR-290 (Rev. July 1, 2012)

**FELONY ABSTRACT OF JUDGMENT– DETERMINATE**

Page 1 of 2
Penal Code,
§§ 1213, 1213.5

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: Wilfredo Mina

| MCR051890 | -A | | -B | | -C | | -D |

**9. FINANCIAL OBLIGATIONS (plus any applicable penalty assessments):**

a. **Restitution Fine(s):**

Case A: $_____    per PC 1202.4(b) (forthwith per PC 2085.5 if prison commitment);      per PC 1202.45 suspended unless parole is revoked.
$_____    per PC 1202.44 is now due, probation having been revoked.

Case B: $_____    per PC 1202.4(b) (forthwith per PC 2085.5 if prison commitment);    $_____    per PC 1202.45 suspended unless parole is revoked.
$_____    per PC 1202.44 is now due, probation having been revoked.

Case C: $_____    per PC 1202.4(b) (forthwith per PC 2085.5 if prison commitment);    $_____    per PC 1202.45 suspended unless parole is revoked.
$_____    per PC 1202.44 is now due, probation having been revoked.

b. **Restitution per PC 1202.4(f):**

Case A: $_____   ☐ Amount to be determined   to ☐ victim(s)*   ☐ Restitution Fund
Case B: $_____   ☐ Amount to be determined   to ☐ victim(s)*   ☐ Restitution Fund
Case C: $_____   ☐ Amount to be determined   to ☐ victim(s)*   ☐ Restitution Fund
Case D: $_____   ☐ Amount to be determined   to ☐ victim(s)*   ☐ Restitution Fund
    ☐ * Victim name(s), if known, and amount breakdown in item 13, below.   ☐ * Victim names(s) in probation officer's report.

c. **Fine(s):**

Case A: $_____   per PC 1202.5. $_____ per VC 23550 or ☐   ____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
   ☐ includes: ☐ $50 Lab Fee per HS 11372.5(a)    ☐ $_____ Drug Program Fee per HS 11372.7(a)   for each qualifying offense

Case B: $_____   per PC 1202.5. $_____ per VC 23550 or ☐   ____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
   ☐ includes: ☐ $50 Lab Fee per HS 11372.5(a)    ☐ $_____ Drug Program Fee per HS 11372.7(a)   for each qualifying offense

Case C: $_____   per PC 1202.5. $_____ per VC 23550 or ☐   ____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
   ☐ includes: ☐ $50 Lab Fee per HS 11372.5(a)    ☐ $_____ Drug Program Fee per HS 11372.7(a)   for each qualifying offense

Case D: $_____   per PC 1202.5. $_____ per VC 23550 or ☐   ____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
   ☐ includes: ☐ $50 Lab Fee per HS 11372.5(a)    ☐ $_____ Drug Program Fee per HS 11372.7(a)   for each qualifying offense

d. Court Operations Assessment: $_____ per PC 1465.8. e. Conviction Assessment: $_____ per GC 70373. f. Other: $_____ per (specify): _____

**10. TESTING**    a. ☒ Comply with PC 296 verified    b. ☒ AIDS per PC 1202.1    c. ☐ other (specify):

**11. REGISTRATION REQUIREMENT:** ☒ per (specify code section): PC299

**12.** ☐ **MANDATORY SUPERVISION:** Execution of a portion of the defendant's sentence is suspended and deemed a period of mandatory supervision under Pen 1170(h)(5)(B) as follows (specify total sentence, portion suspended, and amount to be served forthwith):
Total: _____   Suspended: _____   Served forthwith: _____

**13. Other orders (specify):**
Count 2 is consecutive to Count 1, Count 3 is consecutive to Count 1 and 2, Count 5 consecutive to Count 1, Count 2 and Count 3.

**14. IMMEDIATE SENTENCE:**
☐ Probation to prepare and submit
Post-sentence report to CDCR per PC 1203c.

Defendant's race/national origin: Hispanic

**15. EXECUTION OF SENTENCE IMPOSED:**

a. ☒ at initial sentencing hearing.
b. ☐ at resentencing per decision on appeal.
c. ☐ after revocation of probation.
d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
e. ☐ other (specify):

**16. CREDIT FOR TIME SERVED**

| CASE | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|------|---------------|--------|---------------|---|
| A | 593 | 516 | 77 | ☐ 2933 ☐ 2933.1 ☐ 4019 |
| B | | | | ☐ 2933 ☐ 2933.1 ☐ 4019 |
| C | | | | ☐ 2933 ☐ 2933.1 ☐ 4019 |
| D | | | | ☐ 2933 ☐ 2933.1 ☐ 4019 |

| Date Sentence Pronounced: | Time Served in State Institution: | | |
|---------------------------|-----------|---------|--------|
| | DMH | CDCR | CRC |
| 11-22-16 | [ ] | [ ] | [ ] |

**17.** The defendant is remanded to the custody of the sheriff ☒ forthwith ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to   ☒ the reception center designated by the director of the California Department of Corrections and Rehabilitation.
     ☐ county jail    ☐ other (specify):

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE
Blanca Than        3/24/17
CR-290 (Rev. July 1, 2012)    FELONY ABSTRACT OF JUDGMENT — DETERMINATE    Page 2 of 2

## ABSTRACT OF JUDGMENT · PRISON COMMITMENT · INDETERMINATE
### *[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED]*

CR-292

**FILED**
**MADERA SUPERIOR COURT**
**DEC 19 2016**
BONNIE THOMAS — CLERK
___ DEPUTY

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF: **Madera** | |
| PEOPLE OF THE STATE OF CALIFORNIA vs. <br> DEFENDANT: **Wilfredo Mina** <br> AKA: **Wilfredo Calles Mina** <br> CII NO.: **A35270569** <br> BOOKING NO.: | DOB: **08-24-74** <br> ☐ NOT PRESENT |
| COMMITMENT TO STATE PRISON <br> ABSTRACT OF JUDGMENT | ☐ AMENDED ABSTRACT |

MCR051890 -A / -B / -C / -D

| DATE OF HEARING **December 7, 2016** | DEPT. NO. **Department 22** | JUDGE **Honorable Dale J Blea** |
|---|---|---|
| CLERK **Blanca Than** | REPORTER **Teresa Maciel** | PROBATION NO. OR PROBATION OFFICER **Melissa Perez** ☐ IMMEDIATE SENTENCING |
| COUNSEL FOR PEOPLE **Deputy District Attorney Traci Wise** | | COUNSEL FOR DEFENDANT **Eduardo Paredes** ☐ APP'TD. |

1. Defendant was convicted of the commission of the following felonies:
   ☐ Additional counts are listed on attachment
   ___ (number of pages attached)

| COUNT | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | CONVICTED BY JURY | COURT | PLEA | CONCURRENT | CONSECUTIVE | 654 STAY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 288.7(b) | Sexual penetration with child under 10 years or younger and defendant Being 18 years or older | 12-13 | 10-04-16 | X | | | | | |
| 2 | PC | 288(a) | Lewd and lascivious acts on a child under the age of 14 | 12-13 | 10-04-16 | X | | | | X | |
| 3 | PC | 288.7(a) | Sexual intercourse with child under 10 years or younger and defendant Being 18 years or older | 12-13 | 10-04-16 | X | | | | X | |
| 5 | PC | 288.7(b) | Lewd and lascivious acts, oral copulation on a child under age of 10 And defendant being 18 years or older | 12-13 | 10-04-16 | X | | | | X | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| COUNT | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | TOTAL |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | TOTAL |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

Defendant was sentenced to State Prison for an INDETERMINATE TERM as follows:
4. ☐ LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts ___
   ☐ LIFE WITH THE POSSIBILITY OF PAROLE on counts ___
6. a. ☒ 15 years to Life on counts <u>1,2 and 5</u>    c. ☐ ___ years to Life on counts ___
   b. ☒ 25 years to Life on counts <u>3</u>    d. ☐ ___ years to Life on counts ___
   PLUS enhancement time shown above.
7. ☒ Additional determinate term (see CR-290).
8. Defendant was sentenced pursuant to ☐ PC 667(b)-(i) or PC 1170.12 ☐ PC 667.61 ☐ PC667.7 ☐ other *(specify):*

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CR-292 (Rev. July 1, 2009)

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE

Penal Code, §§ 1213, 1213.5

| MCR051890 | -A | | -B | | -C | | -D |
|-----------|-----|---|-----|---|-----|---|-----|

**9. FINANCIAL OBLIGATIONS** (plus any applicable penalty assessments):

**a.** Restitution Fine(s):

Case A: $300    per PC 1202.4(b) forthwith per PC 2085.5;    $300    per PC 1202.45 suspended unless parole is revoked.
$_____ per PC 1202.44 is now due, probation having been revoked.

Case B: $_____ per PC 1202.4(b) forthwith per PC 2085.5;    $_____    per PC 1202.45 suspended unless parole is revoked.
$_____ per PC 1202.44 is now due, probation having been revoked.

Case C: $_____ per PC 1202.4(b) forthwith per PC 2085.5;    $_____    per PC 1202.45 suspended unless parole is revoked.
$_____ per PC 1202.44 is now due, probation having been revoked.

Case D: $_____ per PC 1202.4(b) forthwith per PC 2085.5;    $_____    per PC 1202.45 suspended unless parole is revoked.
$_____ per PC 1202.44 is now due, probation having been revoked.

**b.** Restitution per PC 1202.4(f):

Case A: $_____   ☐ Amount to be determined   to ☐ victim(s)*   ☐ Restitution Fund
Case B: $_____   ☐ Amount to be determined   to ☐ victim(s)*   ☐ Restitution Fund
Case C: $_____   ☐ Amount to be determined   to ☐ victim(s)*   ☐ Restitution Fund

☐ * Victim name(s), if known, and amount breakdown in item 11, below.   ☐ * Victim names(s) in probation officer's report.

**c.** Fine(s):

Case A: $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $50 Lab Fee per HS 11372.5(a)    ☐ $_____ Drug Program Fee per HS 11372.7(a)    for each qualifying offense

Case B: $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $50 Lab Fee per HS 11372.5(a)    ☐ $_____ Drug Program Fee per HS 11372.7(a)    for each qualifying offense

Case C: $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $50 Lab Fee per HS 11372.5(a)    ☐ $_____ Drug Program Fee per HS 11372.7(a)    for each qualifying offense

**d.** Court Security Fee: $_____ per PC 1465.8.    **e.** Criminal Conviction Assessment: $_____ per GC 70373.

**10. TESTING** a. ☐ Comply with PC 296 verified   b. ☐ AIDS per PC 1202.1   d. ☐ other *(specify):*

**11.** Other orders *(specify):*
Parole terms to fasten. Retain Jurisdiction of Victim's Restitution per 1202.46 PC. $1170 Fine per 288(e) PC which consists of $200 Base Fine. $340 State and Local Penalty Assessment per 1464 PC & 76000 GC.$40 Criminal Surcharge per 1465.7 PC.$100 State Court Facility per 70372(a) GC $200 Court Operations Assessment per 1465.8(a) PC ($40 per convicted Charge).$100 DNA Penalty Assessment per 76104.6/7 GC $40 EMS per 76000.5 GC.$150 Criminal Conviction Assessment per GC 70373 ($30 per convicted Charge).$1230 Fine per 290.3 PC which consists of: $300 Base Fine. $510 State and Local Penalty Assessment per 1464 PC & 76000 GC. $ 60 Criminal Surcharge per 1465.7 PC. $150 State Court Facility per 70372(a) GC$150 DNA Penalty Assessment per 76104.6/.7 GC $ 60 EMS per 76000.5 GC .Appellate Right Advisement. A fee equal to the cost of any medical examination conducted on the victim of sexual assault or attempted sexual assault, including child molestation, to determine the extent of the assault per 1203.1h(b) PC. Count 2 is consecutive to Count 1, Count 3 is consecutive to Count 1 and 2, Count 5 consecutive to Count 1, Count 2 and Count 3.

**12. IMMEDIATE SENTENCE:**

☐ Probation to prepare and submit
Post-sentence report to CDCR per PC 1203c.

Defendant's race/national origin: Hispanic

**13. EXECUTION OF SENTENCE IMPOSED:**

a. ☒ at initial sentencing hearing.
b. ☐ at resentencing per decision on appeal.
c. ☐ after revocation of probation.
d. ☐ at resentencing per recall of commitment. (PC1170(d).)
e. ☐ other *(specify):*

**14. CREDIT FOR TIME SERVED**

| CASE | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|------|---------------|--------|---------------|---|
| A | See | CR | 290 | ☐ 4019 ☐ 2933.1 |
| B | | | | ☐ 4019 ☐ 2933.1 |
| C | | | | ☐ 4019 ☐ 2933.1 |
| D | | | | ☐ 4019 ☐ 2933.1 |

| Date Sentence Pronounced: | Time Served in State Institution: | | |
|---------------------------|------|------|------|
| 11-22-16 | DMH | CDCR | CRC |

**15.** The defendant is remanded to the custody of the sheriff ☒ forthwith ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to   ☒ the reception center designated by the director of the California Department of Corrections and Rehabilitation.
   ☐ other *(specify):*

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE: Blanca Than

DATE: 12/19/11

CLERK OF THE COURT
SUPERIOR COURT
COUNTY OF ...

# IN THE

## COURT OF APPEAL OF THE STATE OF CALIFORNIA

### IN AND FOR THE

### FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| In re | F085656 |
| WILFREDO MINA, | (Madera Super. Ct. No. MCR051890) |
| On Habeas Corpus. | **ORDER** |

**BY THE COURT:***

The "Petition for Writ of Habeas Corpus," filed on January 31, 2023, is denied as repetitive of a previous petition. (*Hagan v. Superior Court* (1962) 57 Cal. 2d 767, 770–771.)

Poochigian, A.P.J.

---

\* Before Poochigian, A.P.J., Smith, J. and DeSantos, J.

SUPREME COURT
**FILED**

SEP **1 3** 2023

Jorge Navarrete Clerk

_____

Deputy

**S280691**

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

In re WILFREDO MINA on Habeas Corpus.

---

The petition for writ of habeas corpus is denied.

_____
GUERRERO
*Chief Justice*

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):



SEE Attached Habeas Denial

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes    ☒ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: HABEAS

Name and location of the court where the motion or petition was filed: Attached

Docket or case number (if you know):

Date of the court's decision:

(2)   The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.



_____
                    Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _Sept_ , _23_ (month, date, year).

Executed (signed) on _Sept 25, 23_ (date).

x _____
                    Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

**PROOF OF SERVICE**
**BY PERSON IN STATE CUSTODY**
(C.C.P §§ 1011, 1013 (A), 2015.5: F.R.C.P.5; 28 U.S.C. § 1746)

I, _WILFREDO MINA_ , declare:

I am over 18 years of age, and **am a party** to this action. I am a resident of the Correctional Training Facility Prison in the County of Monterey, State of California. My prison Address is:

CDCR #: _BB-7907_

**Correctional Training Facility**
**P.O. Box 705,      Cell # :** _____
**Soledad, Ca. 93960-0705**

On_ Sept 25 2023 _, I served the Attached:

_HABEAS_

_____

_____

_____

On the parties herein by placing true, and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, **verified by, and given to prison staff *,** for deposit in the United States Mail provided at the above-named Correctional Institution in which I am presently confined.

The envelope was addressed as follows:

_US District Court_          _Attorney General_
_Eastern Dist-Fresno_        _PO Box 944255_
_2500 Tulare Street_  _And_  _Sacramento CA_
_Fresno CA 93721_                    _94244_

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true, and correct.

Executed on_ Sept 25 2023 _        x _____
                                   (Declarant's Signature)

* Please, note that according to the prison mail box rule, the document(s) mentioned herein is considered filed the day it is handed over to prison authorities for mailing to the court. See **Huizar v. Carey** (9th Cir. 2001) 273 F. 3d 1220, 1221; **Moore v. Twomey** (2004) 120 Cal. App. 4th 910, 913-918. **Houston v. Lack** 487 U.S. 266 (1988, U.S.)